#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR- |
| | § | 00205-ALM-AGD |
| SEMAJ KE'SHAWN ORUM | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Semaj Ke'Shawn Orum's supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on November 27, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Joey Mongaras. The Government was represented by Maureen Smith.

Defendant was sentenced on August 25, 2021, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Illegal Receipt of Firearm While Under Indictment, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. Defendant was subsequently sentenced to 12 months imprisonment followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, obtaining his high school equivalency certificate, and the $100 mandatory assessment. On April 8, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On October 26, 2023, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #37, Sealed). The Petition

REPORT AND RECOMMENDATION – Page 1

asserts that Defendant violated ten (10) conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (3) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (4) (standard) Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of the change or expected change; (5) (standard) Defendant must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the officer excuses Defendant from doing so; (6) (standard) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting permission from the probation officer; (7) (standard) If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours; (8) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; (9) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise

REPORT AND RECOMMENDATION – Page 2

Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; and (10) (special) Defendant must acquire a high school equivalency certificate (Dkt. #37, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On August 6, 2023, Defendant was arrested by a Dallas, Texas, police officer for Failure to Identify Giving with Intent to Give False Information, a Class A Misdemeanor. This case was filed under Cause Number M-23-57225, in Dallas County Criminal Court #9, Dallas, Texas. On August 16, 2023, Defendant appeared in Dallas County Criminal Court #9 with counsel and entered a plea of nolo contendere. He was sentenced to 3 days in jail; (2) On January 20, 2023, Defendant appeared at the U.S. Probation Office in Sherman, Texas, for random drug testing, and submitted a urine sample that tested positive for marijuana. The test results were verified by Alere Toxicology. On January 30, 2023, Defendant appeared at the U.S. Probation Office in Plano, Texas, for random drug testing, and submitted a urine sample that tested positive for marijuana. He verbally disclosed that he last used marijuana on January 23, 2023. The test results were verified by Alere Toxicology; (3) Defendant failed to submit timely and truthful monthly supervision reports by the 5th of each month as previously instructed for the months of April through July and September through December 2022, and January and March 2023; (4) On January 19 and 25, 2023, the probation officer made unsuccessful attempts to visit Defendant at his approved address. During a meeting on January 30, 2023, he disclosed that he had been staying with his girlfriend in Denison, Texas, for a few weeks after he was kicked out of his sister's place. He failed to notify the probation officer at least ten days before his change in address, or within 72 hours of knowing of such. On April 25, 2023, Defendant's girlfriend notified his probation officer that they were moving to Dallas, Texas, on that day. On April 27, 2023, his mother called his probation officer to report

REPORT AND RECOMMENDATION – Page 3

Defendant had relocated to Dallas and was living with her but would not be added to her lease, due to government housing restrictions. As of the date of his report, May 5, 2023, Defendant failed to notify his probation officer at least ten days before his change in address, or within 72 hours of knowing of such; (5) Defendant has failed to work full-time at lawful employment since August 1, 2022; (6) On January 5, 2023, a Collin County, Texas, sheriff's officer conducted a traffic stop on a vehicle and made contact with Defendant and Bakari Smallwood. Mr. Smallwood had a parole violation warrant and was arrested. Defendant did not have permission to associate with a person convicted of a felony offense. Additionally, on January 30, 2023, Defendant was in a vehicle with an individual who had just been released from a halfway house. The driver of the vehicle was stopped by Denison, Texas, police officers and one of the passengers was arrested on an outstanding warrant; (7) During a traffic stop on January 5, 2023, Defendant was questioned and released by a member of the Collin County Sheriff's Office. Defendant failed to disclose his contact with law enforcement by January 9, 2023; (8) A home visit conducted on June 14, 2022, resulted in no contact with Defendant; however, a Probation Form 7Sa was left for him to complete and return to the Sherman Probation Office the following day. He was provided these instructions via telephone, and he acknowledged understanding the instructions. By July 1, 2022, Defendant had not returned the completed form. As of the date of his report, Defendant has yet to make any additional payments toward his financial obligation; (9) On March 28, 2023, Defendant failed to report to the U.S. Probation Office in Sherman, Texas, for a random drug test, as instructed. On June 24, 2022, Defendant was unsuccessfully discharged from the substance abuse treatment program at Texoma Counseling Associates, in Denison, Texas. According to the treatment provider, Defendant had unexcused absences on May 20, May 27, June 10, and June 17, 2022. On April 3, 2023, Defendant was unsuccessfully discharged from the substance abuse treatment program at Fletcher Counseling,

due to his failure to complete a drug assessment; and (10) Defendant has failed to enroll in or attend a program for obtaining a high school equivalency certificate, as ordered on August 25, 2021. The violation date for his allegation is November 1, 2022 (Dkt. #37, Sealed).

Prior to the Government putting on its case, Defendant entered a plea of true to all ten (10) allegations in the Petition. Having considered the Petition and the plea of true to all of the allegations, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months with credit for time served since August 16, 2023, with a term of twenty-four (24) months supervised release to follow. The court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas if appropriate.

**SIGNED this 5th day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE